# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JOHN BRISCOE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 10761 |
| | ) |
| **VILLAGE OF VERNON HILLS, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted in its entirety.

## BACKGROUND

Plaintiff John Briscoe (Briscoe) was allegedly employed as a police officer by the Village of Vernon Hills (Village) and was eventually promoted to a Commander position  In November 2012, Briscoe allegedly injured his knee and back, and in 2013 Briscoe had knee and back surgery. After post-surgical care and additional treatment, it was allegedly determined that Briscoe would not be able to perform the full unrestricted duties of a police officer appointed to a Commander position. At that time, although it was clear that Briscoe would no longer be able to do his job

1

even with a reasonable accommodation, he did not retire. Briscoe contends that the Village then ceased paying worker's compensation benefits and required him to utilize his accumulated sick days, vacation time, and compensatory time.

In May 2014, Briscoe allegedly applied for a line-of-duty disability pension with the Village Police Pension Board (Pension Board). In June 2014, Briscoe allegedly received a memorandum from Defendant Chief Mark Fleischhauer (Fleischhauer) requiring him to return to work, and Briscoe did not comply. In July 2014, Fleischhauer allegedly ordered Briscoe to report to two physicians selected by the Village for medical evaluations (Evaluations). On September 11, 2014, Briscoe allegedly filed an application for benefits with the Illinois Worker's Compensation Commission seeking benefits for his knee and back condition. On September 15, 2015, Fleischhauer again allegedly ordered Briscoe to return to work and to provide an explanation for his absence, and Briscoe did not comply.

Briscoe contends that in October 2014, the Village allegedly enacted an ordinance (Ordinance) that would require Briscoe to file a claim for health insurance benefits pursuant to the Public Safety Employee Benefits Act (PSEBA) with the Village within 30 days. Briscoe contends that the enactment of the Ordinance was based on some hidden conspiracy aimed at punishing and discriminating against him.

In November 2008, Briscoe was allegedly served with a notice of discipline accusing Briscoe of violating the Village Police Department's sick leave policy. The Village contends that Briscoe failed to disclose that he was collecting money for his

injuries via worker's compensation and at the same time was getting paid in a second job outside his work for the Village. Briscoe contends that the disciplinary notice was also part of some hidden conspiracy against him. The Village also later took other adverse actions against Briscoe before the Pension Board granted a line-of-duty disability pension in February 2015, and he retired on disability benefits effective November 20, 2014.

Briscoe includes in his complaint a claim brought against the Village alleging disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Count I), an ADA retaliation claim brought against the Village (Count II), an ADA discrimination claim brought against the Village based upon the Examinations (Count III), claims brought pursuant to 42 U.S.C. § 1983 (Section 1983) against all Defendants alleging retaliation in violation of the exercise of Briscoe's First Amendment rights (Count IV), Section 1983 conspiracy claims brought against all Defendants (Count V), a *Monell* claim brought against the Village (Count VI), and state law conspiracy claims brought against all Defendants (Count VII). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,' and that '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## DISCUSSION

I.  Section 1983 First Amendment Retaliation Claims (Count IV)

Defendants move to dismiss the Section 1983 First Amendment claims. For a Section 1983 First Amendment retaliation claim, a plaintiff must establish: (1) that "he engaged in activity protected by the First Amendment," (2) that "he suffered an adverse action that would likely deter future First Amendment activity," and (3) that "the First Amendment activity was at least a motivating factor in the defendants' decision to retaliate." *Gekas v. Vasiliades*, 814 F.3d 890, 895 (7th Cir.

4

2016)(internal quotations omitted)(quoting *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012)). Defendants argue that Briscoe has not alleged facts that suggest he engaged in protected free speech. A public employee's speech is protected under the First Amendment when the employee speaks out "as a citizen on a matter of public concern." *Kubiak v. City of Chicago*, 810 F.3d 476, 481 (7th Cir. 2016)(citing *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). A matter of public concern is defined as a "legitimate news interest, or a subject of general interest and of value and concern to the public at the time of publication." *Kubiak*, 810 F.3d at 483 (internal quotations omitted)(quoting *Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 684 (7th Cir. 2014))(stating that "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement")(internal quotations omitted)(quoting *Connick v. Myers*, 461 U.S. 138, 147-48 (1983)).

In the instant action, Briscoe contends that he spoke out on matters "of public concern," but his conclusory allegations are not alone sufficient to plead a Section 1983 First Amendment retaliation claim. (Compl. Par. 119). Nor is it sufficient for Briscoe to present conclusory allegations as to a widespread pattern and practice of discrimination. (Compl. Par. 84,144). The discrimination identified in the complaint is the alleged discrimination allegedly suffered personally by Briscoe. The allegations in the complaint indicate that Briscoe engaged in speech relating to his personal health issues, worker's compensation, and disability and other employment benefits and conditions of employment. Such allegations suggest that Briscoe

5

engaged in speech relating to a personal grievance with the Village. Briscoe also argues that discrimination against employees is a matter of public concern. However, under such logic virtually every complaint of discrimination by an employee would be transformed into protected speech. The law does not provide such a broad scope for protected speech. The facts alleged by Briscoe himself do not indicate any protected speech by Briscoe that could support Section 1983 First Amendment retaliation claims. Therefore, Defendants' motion to dismiss the Section 1983 First Amendment retaliation claims (Count IV) is granted.

In addition, since there is no underlying individual Section 1983 claim remaining in this action, the *Monell* claim (Count VI) and the Section 1983 conspiracy claims (Count V) must be dismissed as well. *See Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015)(dismissing *Monell* claim because the underlying individual Section 1983 claims were dismissed); *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010)(stating that "a municipality cannot be liable under Monell when there is no underlying constitutional violation by a municipal employee"); *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008)(stating that "conspiracy is not an independent basis of liability in § 1983 actions").

II. ADA Claims

Defendants move to dismiss the ADA claims. For an ADA discrimination claim a plaintiff must establish: (1) that "he is disabled," (2) that "he is otherwise qualified to perform the essential functions of the job with or without reasonable

accommodation," and (3) that "the adverse job action was caused by his disability." *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016). An individual is deemed disabled under ADA if that individual has "a physical or mental impairment that substantially limits one or more major life activities of such individual," has "a record of such an impairment," or is "regarded as having such an impairment. . . ." 42 U.S.C. § 12102(1). Briscoe argues that he is protected by the ADA because he was regarded as being disabled by the Village even if his perceived physical impairment did not qualify as a disability. (Resp. 11). Briscoe does allege in his complaint that he was regarded as having a disability. (Compl. Par. 78). However, that only suffices to cover one of the three elements of the ADA claim. As indicated above, he still must show that he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation. This is illustrated by the language of the ADA itself. The ADA provides that "*no qualified individual with a disability* shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.§ 12132 (emphasis added). While Briscoe can utilize the "regarded as" prong to meet the disability requirement, he still must show that he was a qualified individual. *See, e.g., Jackson v. City of Chicago*, 414 F.3d 806, 814 (7th Cir. 2005)(affirming district court ruling that the police officer was disabled but was not a qualified individual protected by the ADA). The ADA defines a qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the

7

employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Briscoe's allegations in his complaint make it clear that even after seeking treatment for his injuries, he was no longer able to perform the essential functions for a Commander position even with a reasonable accommodation. Nor does Briscoe explain in response to the instant motion why he satisfies the qualified individual requirement, stating only that he has "established a prima facie case of 'regarded as' disability sufficient to deny Defendants' Motion to Dismiss." (Resp. 11). The court notes that Briscoe's contention that Defendants regarded him as being disabled is not consistent with his own allegations that he was repeatedly asked to return to work. Briscoe was not a qualified individual protected by the ADA.

The court also notes that Briscoe cites to *Wright v. Illinois Dep't of Children & Family Servs.* (Resp. 12). Although Briscoe does not provide a proper citation for the case or page numbers for his reference to *Wright* it appears that he is referring to *Wright v. Illinois Dep't of Children & Family Servs.*, 798 F.3d 513 (7th Cir. 2015), which addressed 42 U.S.C. § 12112(d)(4)(A) (Section 12112(d)(4)(A)). Section 12112(d)(4)(A) provides that "[a] covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." *Id.* In the instant action, Briscoe alleges that he was a police officer charged with doing the necessary actions to protect the public. Such allegations indicate that medical evaluations would be consistent with a

8

business necessity on the part of the Village. Defendants also point to federal and state law that authorizes such examinations and helps to ensure that police officers are able to perform their duties and protect the public.

To the extent that Briscoe seeks to pursue an ADA retaliation claim, in an effort to support the discrimination claim in Count III, Briscoe specifically alleges in his complaint that he never asserted any ADA rights with the Village. (Compl. Par. 37, 105-113). Nor does Briscoe present any arguments or legal support to oppose Defendants' motion to dismiss the ADA retaliation claim. (Resp. 11-13). Briscoe also alleges that he filed his charge with the Equal Employment Opportunity Commission in January 2015, which would have been after the alleged adverse actions by Defendants. (Compl. Par. 4).

The Village was not required to continue to employ and pay a police officer who was unable to perform the necessary tasks of his job, which included protecting the public from harm. Briscoe's own allegations clearly indicate that the Village did everything it could to give Briscoe an opportunity to return to work and continue his service to the public, but that there was no alternative in the end other than for Briscoe to retire with disability benefits. Therefore, Defendants' motion to dismiss the ADA claims (Count I-III) is granted.

### III. State Law Conspiracy Claims

Defendants move to dismiss the state law conspiracy claims (Count VII. Pursuant to the Illinois Local Governmental and Governmental Employees Tort

Immunity Act (Tort Immunity Act), "[a] public employee is not liable for an injury caused by his adoption of, or failure to adopt, an enactment, or by his failure to enforce any law." 745 ILCS 10/2-205. In the instant action, Briscoe alleges that Defendants, when acting within the scope of their employment retaliated against Briscoe by adopting the Ordinance. (Compl. Par. 149. 135-36). Such conduct would clearly be barred by the Tort Immunity Act. To the extent that Briscoe seeks to assert state law conspiracy claims beyond the scope of enacting the Ordinance, Briscoe has failed to allege any independent cause of action to support a conspiracy claim. *See Indeck N. Am. Power Fund, L.P. v. Norweb PLC*, 735 N.E.2d 649, 662 (Ill. App. Ct. 2000)(stating that "a conspiracy is not an independent tort" and that when "a plaintiff fails to state an independent cause of action underlying its conspiracy allegations, the claim for a conspiracy also fails"). Therefore, Defendants' motion to dismiss the state law conspiracy claims (Count VII) is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 25, 2016