**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN BRISCOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 10761 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| VILLAGE OF VERNON HILLS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or in the alternative for leave to file an amended complaint pursuant to Rule 15(a)(2) [19] and defendants' motion for Rule 11 sanctions [25]. For the reasons set forth below, plaintiff's motion is granted and defendants' motion is denied.

## BACKGROUND

In November 2015, plaintiff filed a seven-count complaint alleging violations of the Americans with Disabilities Act ("ADA") and the First Amendment as well as a conspiracy claim and a *Monell* claim against his former employer, the Village of Vernon Hills, and individuals in Village leadership roles. Defendants filed a motion to dismiss, which was granted in May 2016. Judgment was entered that same day. After filing his motion to alter judgment, plaintiff also filed a motion to disqualify the then-presiding judge, which was granted. The case was reassigned to this Court in November 2016.

## STANDARDS

"Once judgment has been entered, there is a presumption that the case is finished, and the burden is on" the moving party "to show the court that there is good reason to set [the judgment]

aside." *Hecker v. Deere & Co.,* 556 F.3d 575, 591 (7th Cir. 2009). "To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012). A manifest error is the "'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). A motion to alter judgment should not be used to "advance arguments that could and should have been presented to the district court prior to the judgment." *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 954 (7th Cir. 2013). "[A]fter a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of the court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated." *Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992).

A court may impose Rule 11 sanctions if a motion is "'not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.'" *Cuna Mut. Ins. Soc. v. Office and Prof'l Emps. Int'l Union*, *Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quoting *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993)). The Court must "undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless," *id.,* and also "bear in mind that such sanctions are to be imposed sparingly," *Hartmarx Corp. v. Abboud,* 326 F.3d 862, 867 (7th Cir. 2003).

**DISCUSSION**

**Plaintiff's Rule 59(e) Motion**

Plaintiff asserts that the court wrongly decided the motion to dismiss because it drew inferences in favor of defendants and relied on factual assertions not contained in the record. (Pl.'s Mem. at 3-7.) Plaintiff asks to present additional factual allegations to support his retaliation claims[1] in an amended complaint and contends that he should have been given at least one opportunity to amend his complaint before the action was dismissed. (*Id*. at 7-8.) Defendants counter that the court did not rely on facts not contained in the record and that the allegations in the complaint support the court's dismissal. (Defs.' Resp. at 3.) Defendants argue that it is not proper for plaintiff to be allowed "to reshape the facts in an attempt to fit the law" and that he cannot point to a misapplication of the law or new evidence that would warrant revisiting the court's decision. (*Id*. at 3-4.) In his reply, plaintiff contends that defendants have failed to address the arguments made in his motion. (Pl.'s Reply at 1.)

**ADA Claims (Counts I-III)**

In dismissing plaintiff's ADA discrimination claim (Count I), the court noted that the allegations in plaintiff's "complaint make it clear that even after seeking treatment for his injuries, he was no longer able to perform the essential functions for a Commander position even with a reasonable accommodation." *Briscoe v. Vill. of Vernon Hills,* No. 15 C 10761, 2016 WL 2997932, at *3 (N.D. Ill. May 25, 2016). (*See* Compl. ¶¶ 22, 25.) The court reasoned that plaintiff was required to show that he was qualified to perform the essential functions of the job with or without reasonable accommodations in order to state an ADA discrimination claim. *Id*. Because plaintiff's complaint specifically alleges that he could not perform the essential

---

[1] Plaintiff asserts that since he filed this lawsuit, the Village has filed two lawsuits against him that constitute continued First Amendment retaliation. (Pl.'s Mem. at 9.)

functions of the Commander position, the court properly dismissed plaintiff's ADA discrimination claim. *See Roberts v. City of Chi.,* 817 F.3d 561, 565 (7th Cir. 2016) (to state an ADA discrimination claim, "a plaintiff must show that: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) the adverse job action was caused by his disability"). Even if the court made improper inferences about plaintiff's compliance with orders to return to work, that factor had no bearing on the determination of whether plaintiff alleged sufficient facts to state an ADA discrimination claim, which he did not. *See Volling v. Kurtz Paramedic Serv., Inc.,* Case No. 14-cv-4423, 2015 WL 4197071, at *2 (N.D. Ill. July 10, 2015) (rejecting plaintiff's claim that the court made improper inferences in favor of the defendant and stating the "plaintiff still has the burden to plead all elements of her claims").

In dismissing plaintiff's disability retaliation claim (Count II), the court stated that plaintiff "specifically alleges in his complaint that he never asserted any ADA rights with the Village." *Briscoe,* 2016 WL 2997932, at *4. (*See* Compl. ¶¶ 37, 107.) The court also noted that plaintiff filed his EEOC charge in January 2015, *after* the Village issued the disciplinary notice in December 2014. *Id.* (Compl. ¶¶ 4, 66.) In order to state a claim for ADA retaliation, plaintiff "must have engaged in a statutorily protected activity—in other words, he must have asserted his rights under the ADA by either seeking an accommodation or raising a claim of discrimination due to his disability." *Preddie v. Bartholomew Consol. Sch. Corp.,* 799 F.3d 806, 814-15 (7th Cir. 2015). Based solely on allegations in the complaint, plaintiff did not engage in statutorily-protected activity required to state an ADA retaliation claim, so the court properly dismissed it. Plaintiff's allegation that the court assumed an incorrect fact when it stated that plaintiff was disciplined for violating the Village's sick-leave policy rather than failing to submit a form to

police department does not change the fact that plaintiff failed to allege a claim for ADA retaliation. Similarly, plaintiff's assertion that he was retaliated against for filing "line-of-duty disability" and Public Safety Employee Benefits Act ("PSEBA") claims do not affect his ADA retaliation claim because they are not protected activity under the ADA. *See Andrews v. City of Chi.,* 836 F. Supp. 2d 696, 700 (N.D. Ill. 2011) (dismissing ADA retaliation claim for failure to allege engagement in statutorily-protected activity).

Plaintiff does not contest the court's dismissal of his unlawful medical examinations claim under the ADA, 42 U.S.C. § 12112(d)(4)(A) (Count III). Accordingly, the Court will not reconsider that dismissal.

**First Amendment and *Monell* Claims (Counts IV-VI)**

When the court dismissed plaintiff's First Amendment retaliation claim (Count IV), it held that plaintiff had not engaged in protected speech. *Briscoe,* 2016 WL 2997932, at *2. The court reasoned that plaintiff's speech was not protected because he was not speaking about a matter of public concern, but rather was engaged in speech related to personal grievances with the Village (worker's compensation, line-of-duty disability, and PSEBA claims). *Id.* Plaintiff asks the Court to "reconsider the law as it relates to first amendment actions and whether [his] speech amounts to a matter of public concern." (Pl.'s Mem. at 9.) "'For a public employee's speech to be protected under the First Amendment, the employee must show that (1) he made the speech as a private citizen, (2) the speech addressed a matter of public concern, and (3) his interest in expressing that speech was not outweighed by the state's interests as an employer in promoting effective and efficient public service.'" *Kristofek v. Vill. of Orland Hills,* 832 F.3d 785, 792 (7th Cir. 2016) (quoting *Swetlik v. Crawford,* 738 F.3d 818, 825 (7th Cir. 2013)). "[A]lthough 'a statement born of pure personal interest does not constitute a public concern, a

mere personal aspect of the speaker's motivation will not defeat the entire speech.'" *Id.* at 794 (quoting *Miller v. Jones,* 444 F.3d 929, 937 (7th Cir. 2006)).

In his complaint, plaintiff asserts that his protected activities were matters of public concern and seems to suggest that is the case because the alleged retaliation was committed by Village policymakers, including the police chief, president, manager, and finance director, who "misuse[d] [their] authority." (Compl. ¶¶ 119, 123-24, 145.) Plaintiff further alleges that defendants have a practice of retaliating against individuals who seek disability benefits. (*Id.* ¶¶ 100, 144.) In his response to the motion to dismiss, plaintiff also argued that his speech exposed malfeasance in Village and police department management and is therefore presumably a matter of public concern. (Pl.'s Resp. at 7.) Finally, in his Rule 59(e) motion, plaintiff asserts that his claims were not solely of personal interest, but serve as an example of a "widespread practice of . . . retaliating against police officers who suffer disabling injuries during their employment" and that such conduct is a matter of public concern. (Pl.'s Mem. at 10-11.) While the Court does not agree that the previously-assigned judge made an error of fact or law in dismissing this count, it does conclude that plaintiff should have been given leave to amend his complaint, as discussed below.

Because the Court dismissed the First Amendment retaliation claim, it also dismissed the *Monell* (Count VI) and First Amendment conspiracy (Count V) claims. *Briscoe,* 2016 WL 2997932, at *3. There was no error in those dismissals. *See Sallenger v. City of Springfield,* 630 F.3d 499, 504 (7th Cir. 2010) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee."); *see also Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("[C]onspiracy is not an independent basis of liability in § 1983 actions.").

**Civil Conspiracy Claim (Count VII)**

The court dismissed this state-law claim, holding that it was barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act and that plaintiff failed to allege any independent cause of action. *Briscoe,* 2016 WL 2997932, at *4. Plaintiff contends that there were numerous actions that caused him constitutional deprivations. (Pl.'s Mem. at 13.) Regardless of what plaintiff now argues, his complaint included a threadbare recital of the elements of a civil conspiracy claim and was properly dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("[A] bare assertion of conspiracy will not suffice" to withstand a motion to dismiss.).

## <u>Plaintiff's Rule 15(a)(2) Motion</u>

While plaintiff has not established that the prior court made manifest errors of law or fact, this Court heeds Seventh Circuit decisions instructing district courts to allow plaintiffs to replead deficient complaints, particularly when judgment is entered before plaintiff is given leave to amend. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and N.W. Ind.,* 786 F.3d 510, 521 (7th Cir. 2015) ("When the district court has taken the unusual step of entering judgment at the same time it dismisses the complaint, the court need not find other extraordinary circumstances and must still apply the liberal standard for amending pleadings under Rule 15(a)(2)."); *see also Bausch v. Stryker Corp.,* 630 F.3d 546, 549 (7th Cir. 2010) ("Even if the original complaint had been defective, the district court abused its discretion by dismissing the action with prejudice and denying [plaintiff] leave to file an amended complaint."); *see also Volling*, 2015 WL 4197071, at *2 (granting plaintiffs' Rule 59(e) motion and allowing plaintiffs to file an amended complaint, despite the fact that there had been no errors of fact or law).

Though defendants argue that plaintiff's motion to amend should be denied because he

has not attached a proposed amended complaint to his Rule 59(e) motion, plaintiff has suggested how he would amend his complaint, at least as it relates to the First Amendment claims. (Pl.'s Mem. at 9-12.) *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) (finding that the district court did not abuse its discretion in denying plaintiff leave to file a *third* amended complaint when she did not provide a proposed amended complaint *or* explain how the third amended complaint "would cure the deficiencies identified in her second amended complaint") (emphasis added). Because plaintiff had no opportunity to amend his complaint before the court entered judgment and argues that there are additional facts related to his First Amendment claims to be included in his forthcoming amendment, the Court grants his Rule 59(e) motion and gives him leave to so amend.

**Defendants' Rule 11 Motion**

Defendants argue that plaintiff was unreasonable in filing a motion to alter judgment. (Defs.' Mot. at 4.) Defendants further contend that plaintiff ignored dispositive authority, filed a complaint not well-grounded in fact or law, and reiterated arguments and case law presented in the motion to dismiss. (*Id*.) Defendants allege that plaintiff's intent in filing is to force them to pay the cost to defend frivolous motions. (*Id*. at 5.) Defendants state that they attempted to resolve this issue before involving the Court, but because plaintiff persisted in this course, he and his counsel should be sanctioned and ordered to pay defendants' fees and costs pursuant to Rule 11. (*Id*.) In response plaintiff argues that defendants have not provided any examples of arguments he recycled from the motion to dismiss in the motion for relief from judgment. (Pl.'s Resp. at 1.) Further, plaintiff contends that defendants' motion for sanctions is itself sanctionable conduct because it does not accurately reflect Seventh Circuit law and is being used as an intimidation tactic. (*Id*. at 1, 3.) Alternatively, plaintiff argues that his motion was made in

good faith and asserts that the court erred as a matter of law in dismissing his complaint. (*Id*. at 2.)

It is clear from these filings that opposing counsel have struggled with civility in this litigation. However, the Court finds no evidence to support defendants' allegation that plaintiff filed his Rule 59(e) motion purely to force defendants to expend time and money defending against plaintiff's claims. The Court is unable to conclude that plaintiff brought the motion to alter judgment in bad faith, and therefore denies defendants' motion for sanctions. *See Roszkowiak v. Elk Grove Vill.,* No. 15 C 5207, 2015 WL 9259891, at *4 (N.D. Ill. Dec. 18, 2015) (denying defendants' motion for Rule 11 sanctions and reasoning that "[j]ust because a claim is not well-supported does not mean the attorney has pled false facts or legal theory").

## CONCLUSION

For the reasons set forth above, plaintiff's motion [19] is granted and defendants' motion [25] is denied. The judgment entered on May 25, 2016 [18] is vacated. Plaintiff shall file an amended complaint by April 20, 2017. Status hearing set for April 26, 2017 at 9:30 a.m.

**SO ORDERED.**                                    **ENTERED:   March 29, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**