# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN BRISCOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15 C 10761 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| VILLAGE OF VERNON HILLS, et. al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendants' motion [45] is granted. Plaintiff is given a final opportunity to amend his complaint by April 30, 2018 to state a claim or this matter will be dismissed with prejudice.

## PROCEDURAL HISTORY

In November 2015, plaintiff filed a seven-count complaint against his former employer and several individuals alleging a violation of the Americans with Disabilities Act ("ADA") and First Amendment as well as conspiracy and *Monell* claims. In May 2016, the Court granted defendants' motion to dismiss and entered judgment. In November 2016, the case was reassigned to this Court. In March 2017, the Court vacated the May 2016 judgment, granted plaintiff's motion for leave to file an amended complaint, and denied defendants' motion for Rule 11 sanctions.

Plaintiff has now filed a four-count amended complaint, alleging that defendants violated 42 U.S.C. § 1983 by retaliating against him for exercising his First Amendment rights (Count I), conspiring to violate his First Amendment rights (Count II), and conspiring under state civil law (Count IV). Plaintiff also brings a *Monell* claim against the Village (Count III). Defendants move to dismiss plaintiff's first amended complaint under the Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiff John Briscoe is a former police officer, who was promoted to Commander, for defendant Village of Vernon Hills (the "Village"). (Am. Compl. ¶¶ 5, 12, ECF No. 42.) Briscoe worked for the Village for nearly twenty-five years before he retired on disability. (*Id.* ¶¶ 11-12.) Defendants Roger Byrne, John Kalmar, Larry Nakrin, and Mark Fleischhauer are officials elected or appointed to the Village. (*Id.* ¶¶ 6-10.)

On November 27, 2012, Briscoe injured his knee and back while responding to an emergency home invasion call. (*Id.* ¶ 13.) He later underwent surgery for his injuries. (*Id.* ¶ 19.) Following post-surgical care and treatment, defendants determined that Briscoe was unable to perform his job duties. (*Id.* ¶ 21.)

On May 2, 2014, the Village determined that Briscoe could perform his job duties and thus stopped paying workers compensation benefits. (*Id.* ¶ 22.) Briscoe had to use sick days, vacation time, and compensatory time because he no longer had workers compensation benefits. (*Id.* ¶ 23.)

On May 12, 2014, Briscoe applied for a line-of-duty disability pension with the Village Police Pension Board ("Pension Board"). (*Id.* ¶ 24.) On June 20, 2014, defendant Chief Fleischhauer sent Briscoe a memorandum requiring him to return to work, but Briscoe did not comply. (*Id.* ¶ 26.) That same day, the Village filed a petition to intervene in Briscoe's hearing with the Pension Board. (*Id.* ¶ 39.) On July 21, 2014, Chief Fleischhauer ordered Briscoe to report to two physicians selected by defendants for medical evaluation. (*Id.* ¶ 35.) Briscoe did not comply with this order. (*Id.* ¶¶ 37-39.)

On September 11, 2014, Briscoe applied for benefits with the Illinois Workers Compensation Commission, seeking benefits for his knee and back injuries. (*Id.* ¶ 41.) On September 15, 2014, Chief Fleischhauer asked Briscoe to provide an explanation for his absence from work and ordered him to return to work. (*Id.* ¶¶ 42, 45.) Briscoe provided an explanation but did not return to work. (*Id.* ¶¶ 43, 45.)

On October 9, 2014, the Pension Board denied the Village's petition to intervene in Briscoe's hearing. (*Id.* ¶ 49.) On October 21, 2014, defendants enacted an ordinance that would require Briscoe to file a claim for health insurance benefits pursuant to the Public Safety Employee Benefits Acts ("PSEBA") with the Village within thirty days. (*Id.* ¶ 53.)

On November 8, 2014, the Village notified Briscoe that he was subject to discipline for violating the sick leave and secondary employment policies. (*Id.* ¶¶ 58, 61.) Defendants threatened to demote Briscoe and lower his annual salary. (*Id.* ¶ 66.) In December 2014, the Village demoted Briscoe and decreased his salary. (*Id.* ¶¶ 75-83.)

On January 26, 2015, Briscoe filed a charge with the Equal Employment Opportunity Commission ("EEOC") for disability discrimination and retaliation. (*Id.* ¶ 85.) On January 30, 2015, defendants denied Briscoe PSEBA benefits (*Id.* ¶ 88.) On February 5 and 12, 2015, the Pension Board granted Briscoe a line-of-duty disability pension. (*Id.* ¶ 89.) On February 18, 2015, defendants issued an amended decision denying Briscoe health care benefits under PSEBA. (*Id.* ¶ 90.)

Plaintiff claims that defendants have retaliated against other officers who filed for line-of-duty disability claims and PSEBA claims after incurring injuries while at work. (*Id.* ¶¶ 92-98.)

**STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading that purports to state a claim for relief must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). When deciding on Rule 12(b)(6) motions, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir. 2012)).

**DISCUSSION**

*I.   Section 1983 First Amendment Retaliation (Count I)*

Plaintiff claims that defendants retaliated against him after he filed a workers compensation claim, a disability claim, a PSEBA claim, and an EEOC charge. He says that defendants denied or disputed his benefits and threatened him with disciplinary action.

Defendants move to dismiss plaintiff's First Amendment retaliation claim, arguing that the speech at issue is not protected. Defendants say that the purpose of the speech was to further Briscoe's "personal interests and desire to seek job-related benefits for himself." (Defs' Mot. to Dismiss, p. 9, ECF No. 45 (emphasis not added).) Briscoe responds that defendants' denial of benefits to their employees is a matter of public concern. He argues that it exposes alleged abuses of power and authority in the management of public funds in response to disabling work-related injuries.

To state a First Amendment retaliation claim, a party must allege that: "(1) [he] engaged in activity protected by the First Amendment; (2) [he] suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity [he] engaged in was at least a motivating factor for the retaliatory action." *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). As a public employee, Briscoe's speech is protected by the First Amendment "only when he speaks as a citizen on matters of public concern." *Roake v. Forest Pres. Dist. of Cook Cty.*, 849 F.3d 342, 346 (7th Cir. 2017) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006)) (internal quotations omitted). For a statement to address a matter of "public concern," courts must assess the "content, form, and context of a given statement, as revealed by the whole record." *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1123 (7th Cir. 2009) (quoting *Connick v. Myers*, 461 U.S. 138, 147-48 (1983)). Speech is not of public concern "simply because it raises complaints or other issues personal to the speaker." *Colburn v. Trustees of Ind. Univ.*, 973 F.2d 581, 587 (7th Cir. 1992). When the "overriding reason for the speech is the concerns of a few individuals whose

careers may be on the line, the speech looks much more like an internal, personal dispute than an effort to make the public aware of wrongdoing." *Brooks v. Univ. of Wis. Bd. of Regents*, 406 F.3d 476, 480 (7th Cir. 2005) (citing *Colburn*, 973 F.2d at 587).

Here, plaintiff's first amended complaint fails to allege facts to support his claim for First Amendment retaliation. The Court found in its previous order that Briscoe engaged in speech not protected by the First Amendment because it related to personal grievances, not a public concern. (*See* May 25, 2016 Order, p. 5-6, ECF No. 17.) Plaintiff makes essentially the same allegations in his first amended complaint. Briscoe does not add any new allegations against defendants sufficient to alter the Court's analysis on the issue or its conclusion. (Am. Compl. ¶¶ 109-22, ECF No. 42.) The speech alleged in his first amended complaint relates to his personal grievance with defendants, not a matter of public concern.

Accordingly, defendants' motion to dismiss plaintiff's Section 1983 First Amendment retaliation claim is granted.

## II. Section 1983 Conspiracy (Count II) and Monell Claim (Count III)

If a plaintiff "fails to prove a violation of his constitutional rights in his claim against the individual defendants" under § 1983, "there will be no viable *Monell* claim based on the same allegation." *Swanigan v. City of Chi.*, 775 F.3d 953, 962 (7th Cir. 2015) (citing *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986)). Similarly, "conspiracy is not an independent basis of liability in § 1983 actions." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008).

As stated above, Briscoe's § 1983 retaliation claim must be dismissed, and, therefore, no independent constitutional claim exists in this matter. Accordingly, defendants' motion to dismiss plaintiff's § 1983 conspiracy claim and *Monell* claim is granted.

## III. Section 1983 State Civil Law Conspiracy (Count IV)

Plaintiff brings a state law conspiracy claim against defendants, alleging that defendants engaged in a campaign of retaliation against plaintiff with the goal of denying plaintiff his disability benefits.

Defendants move to dismiss, arguing that a § 1983 state civil law conspiracy claim must be supported by an independent state cause of action. Defendants also argue that the claim must be dismissed under the Torts Immunity Act, because "[a] public employee is not liable for an injury caused by his adoption of, or failure to adopt, an enactment." (Defs' Mot. to Dismiss, p. 12, ECF No. 45 (citing 745 ILCS 10/2-205).) Briscoe responds that the Torts Immunity Act does not apply because it does not relieve a public employee from willful or wanton conduct, which he alleges defendants' actions to have been.

Briscoe's § 1983 state law conspiracy claim is dismissed. As stated in the Court's dismissal of Briscoe's original complaint:

> Briscoe alleges that Defendants, when acting within the scope of their employment retaliated against Briscoe by adopting the Ordinance. . . . Such conduct would clearly be barred by the Torts Immunity Act. To the extent that Briscoe seeks to assert state law conspiracy claims beyond the scope of enacting the Ordinance, Briscoe has failed to allege any independent cause of action to support a conspiracy claim. *See Indeck N. Am. Power Fund, L.P. v. Norweb PLC*, 735 N.E.2d 649, 662 (Ill. App. Ct. 2000) (stating that "a conspiracy is not an independent tort" and that when "a plaintiff fails to state an independent cause of action underlying its conspiracy allegations, the claim for a conspiracy also fails").

(*See* May 25, 2016 Order, p. 10, ECF No. 17.)

Plaintiff has failed to remedy the insufficiencies of the first complaint in his first amended complaint. Briscoe alleges that defendants, acting within the scope of their employment, retaliated against Briscoe by adopting an ordinance requiring Briscoe to file a claim for health insurance benefits pursuant to PSEBA with the Village within thirty days. As the Court explained in its previous order, liability for such conduct is clearly barred by the Tort Immunity Act. (*Id.*) Briscoe has failed to allege an additional independent state cause of action to support his conspiracy claim. As such, defendants' motion to dismiss plaintiff's § 1983 state civil law claim is granted.

## CONCLUSION

For these reasons, the Court grants defendants' motion to dismiss [45] without prejudice. Plaintiff is given a final opportunity to amend his complaint by April 30, 2018 to state a claim or this case will be dismissed with prejudice. Status set for May 2, 2018 at 9:30 a.m.

**SO ORDERED.**

                                                            **ENTERED: March 30, 2018**

                                                            _____
                                                            **HON. JORGE ALONSO**
                                                            **United States District Judge**